USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH SCALI,

Defendant.

No. 16-CR-466 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

Defendant Joseph Scali ("Defendant") is charged in a ten-count indictment with (1) mail fraud in violation of 18 U.S.C. § 1341; (2) structuring to evade currency transaction reports in violation of 31 U.S.C. § 5342(a)(3); (3)–(4) false statements in violation of 18 U.S.C. § 1001; (5) corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); (6) tax evasion for the year 2011 in violation of 26 U.S.C. § 7201; (7) tax evasion for the year 2012 in violation of 26 U.S.C. § 7201; (8) obstruction of justice in violation of 18 U.S.C. § 1503; (9) perjury in violation of 18 U.S.C. § 1623; and (10) mail fraud in violation of 18 U.S.C. § 1341. (Second Superseding Indictment ("S2") 2, ECF No. 80.) Before the Court is Defendant's Motion to Dismiss the Indictment. (Decl. of Michael H. Sussman, Esq., Exh. 1 (Mem. of Law in Supp. of Def. Omnibus Mot. ("Def. Mot.")), ECF No. 100.) For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On August 30, 2017, Defendant Scali was charged in a ten-count Second Superseding Indictment. The Indictment stems from three sets of actions concerning Defendant's law practice. First, beginning in 2011, Defendant represented a prospective seller of real estate, Harry Freed, doing business as Opal Industries, Inc. ("Opal"), who entered into a contract to sell two tracts of land in Pennsylvania to a Prospective Buyer, Channel A Co. ("Channel A"). (S2 ¶ 5;

1

Govt. Mem. of Law in Resp. to Def. Omnibus Pre-Trial Motions ("Govt. Mot.") 2, ECF No. 110.) During the course of the negotiations, the prospective buyer signed a contract and sent Defendant approximately $1.67 million toward the real estate purchase to hold in escrow pending the closing of the transaction. (S2 ¶ 5.) The prospective buyer sent approximately $1.5 million of the funds via Federal Express, and Defendant deposited those funds into his Attorney Trust Account. (*Id.*) Negotiations, however, would soon breakdown and the contract would not be consummated. (Govt. Mot. 3; Def. Mot. 1–2.) Following the breakdown in negotiations, the prospective buyer asked Defendant via letter to return approximately half of the funds that he held in escrow to the prospective buyer and to retain the balance of the funds (approximately $850,000) in escrow until the buyer and seller entered into a new contract. (S2 ¶ 6.) Defendant Scali obliged, and sent a letter with a check comprising approximately half of the amount. (*Id.* ¶ 7.) Negotiations would deteriorate further and terminate completely. In the aftermath, the prospective buyer requested the return of the monies from Defendant. Unbeknownst to the parties, however, Defendant Scali allegedly used or distributed the remaining monies held in escrow. (*Id.* ¶ 8–12.)

The second set of actions pertains to grievance proceedings conducted before the New York State and Southern District of New York ("S.D.N.Y.") grievance committees. The Government alleges that during the grievance proceedings against the Defendant, the Defendant committed perjury when he submitted an affidavit to the S.D.N.Y. Grievance Committee (*Id.* ¶ 30–7) and also obstructed the due administration of justice with respect to the disciplinary proceedings against him. (*Id.* ¶ 26–29.) Further, Defendant allegedly continued to hold himself out as a licensed attorney after his license was suspended. (*Id.* ¶ 32–34.)

The third set of actions pertain to Defendant's tax filings. The Government alleges that Defendant evaded taxes for the years 2011 and 2012 (*Id.* ¶ 22–25) and committed other tax-related offenses.

Defendant Scali now moves to dismiss the Second Superseding Indictment in its entirety.

## DISCUSSION

## YOUNGER ABSTENTION

In *Younger v. Harris*, 401 U.S. 37, 41 (1971) the Supreme Court of the United States found that a federal district court's order enjoining a state criminal prosecution violated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." In doing so, the Court reiterated the long-standing "reason for restraining courts of equity from interfering with criminal prosecutions." *Id.* at 44. The Second Circuit further explained that *Younger* abstention "seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions." *Jones v. County of Westchester*, 678 Fed App'x 48, 49–50 (2d Cir. 2017) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 591 (2013)). In sum, "federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Wilson v. Emond*, 373 Fed. App'x 98, 100 (2d Cir. 2010).

Defendant Scali asks this Court to invoke the *Younger* abstention doctrine with respect to Count One and Ten (both federal mail fraud charges), or in the alternative, grant a *Younger* hearing. (Def. Mot. 13–14.) Defendant argues that Counts One and Ten "wholly implicate[]

violations of New York State law [and] conduct within New York State[] during proceedings that were initiated in and resolved in state court" before proceedings on the merits took place in federal court. (*Id.* at 14.) As a result, Defendant asks the Court to exercise its discretion and apply the *Younger* abstention doctrine.

The Government argues that *Younger* "has absolutely no relevance to this case." (Govt. Mot. at 8.) They posit that *Younger* stands for the proposition that "federal courts should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations." (*Id.*) This case, they argue, unlike *Younger*, is not a civil case brought in federal court to enjoin any state court prosecution or proceedings. (*Id.* at 9.) As a result, the *Younger* abstention doctrine is "wholly inapplicable." (*Id.*)

Under these facts, the *Younger* abstention doctrine is inapplicable, and the Court declines to grant a *Younger* hearing. The *Younger* abstention doctrine is implicated when a federal court exercises jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Wilson*, 373 Fed. App'x at 100. This is not the case here. In this case, the federal government charged Defendant Scali solely with federal crimes, and there are no pending actions with which the prosecution would interfere. Further, this Court is not being asked to enjoin any state proceedings. *See Younger*, 401 U.S. at 41. Thus, because the federal charges against the Defendant do not implicate any state proceedings, the *Younger* abstention doctrine is inapplicable and Defendant's request for a *Younger* hearing is denied.

## DISCLOSURE OF GRAND JURY PROCEEDINGS

A Court may order disclosure of certain Grand Jury proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Disclosure of Grand Jury

4

proceedings is analyzed within the contours of "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). The "indispensable secrecy" of Grand Jury proceedings should not be broken except where compelling necessity exists. *Id.* The Defendant must show "with particularity" when such a need outweighs the countervailing policy of secrecy. *Id.* In instances where the need for disclosure outweighs the policy of secrecy, such secrecy is "lifted discretely and limitedly." *Id.* 682–83; *United States v. Silver*, 103 F. Supp. 3d 370, 381 (S.D.N.Y. 2015) (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978)).

Defendant Scali asserts that based on the Indictment, the "Government may have engaged in substantial prosecutorial misconduct in its presentation of the instant case to the Grand Jury." (Def. Mot. 16.) The alleged prosecutorial misconduct affected three of the charges against the Defendant. With regards to Count One of the Second Superseding Indictment, Defendant requests the Grand Jury minutes to determine whether the Government "intentionally kept from the Grand Jury" the testimony of Michael Byrd, who would have stated that he advised the Defendant concerning his alleged authorization to distribute one-half of the monies deposited in his Attorney Trust Account. (*Id.* 17–18.) With regards to Counts Eight and Nine of the Second Superseding Indictment, Defendant "submits that the Grand Jury may not have been properly instructed that, to be held criminally liable for making a false statement or for perjury, the Government must establish the contextual materiality of the statement at issue." (*Id.* at 18.)

The Government retorts that they were not required to submit the allegedly exculpatory testimony of Michael Byrd to the Grand Jury. (Govt. Mot. 14.) Further, they argue that Defendant's claim that the Government did not properly instruct the Grand Jury on Counts Eight

5

and Nine is too generalized to satisfy the particularity required to disturb the secrecy attached to Grand Jury proceedings. (Govt. Mot. 15–17.)

In essence, the Defendant is requesting review of the Grand Jury proceedings in order to determine whether or not the Grand Jury was given a specific piece of evidence or if they were properly instructed in the law. The Court finds these positions unavailing because Defendant Scali does not point to a ground that may exist to dismiss the indictment because of a matter that occurred before the grand jury. *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). With respect to the testimony of Michael Byrd, the Defendant's challenge does little to disturb the secrecy of the Grand Jury proceedings. It is well settled that prosecutors do not have an obligation to present exculpatory evidence during Grand Jury proceedings. *United States v. Williams*, 504 U.S. 36, 52–55 (1992). As a result, the Government's "alleged failure to present exculpatory evidence to the grand jury" cannot "justify the relief [the] defendant[] seek[s]." *United States v. Stein*, 429 F. Supp. 2d 633, 640 (2d Cir. 2006).

Defendant's second avenue, challenging the instruction to the Grand jury, is equally unpersuasive. The Defendant argues that the Grand Jury "may not have been" instructed properly. He provides no facts or evidence to substantiate his claim, and relies on his own contextualization of the facts underlying Count 8 and 9 of the Superseding Indictment. As previously noted, in order to overcome the substantial policy of secrecy in Grand Jury proceedings, the Defendant must allege his reasons with particularity. Defendant Scali must "make specific factual allegations of government misconduct before a district court permits review of grand jury proceedings." *United States v. King*, No. 10 Cr. 122(JGK), 2011 WL 1630676, at *5 (S.D.N.Y. Apr. 27, 2011) (citing *United States v. Torres*, 901 F.2d 205, 233 (2d Cir.1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d

Cir.2010)). Defendant Scali has failed to make specific factual allegations, and instead bases his allegations upon his own conjectures and suspicions of what may have transpired during the Grand Jury proceedings. As a result, his requests for disclosure of Grand Jury proceedings and a hearing to dismiss the indictment are denied. *See United States v. Trochelmann*, No. 98 CR 1276(JFK), 1999 WL 294992, at *3 (S.D.N.Y. May 11, 1991) ("Allegations based on belief, such as Defendants' allegations here, provide no reason to disregard the presumption of regularity of grand jury proceedings, and do not even warrant an in camera review of the grand jury minutes.") (citations and quotations omitted).

## LEGAL SUFFICIENCY

Federal Rules of Criminal Procedure 12(b)(3)(B) provides for the procedural mechanism to dismiss a criminal indictment in federal court. Under the rule, this Court may dismiss an indictment or information if it suffers from deficiencies enumerated therein. Proving a defect, however, is a laborious task because of the low sufficiency threshold requirement. An indictment must contain "plain, concise, and definite written statement[s] of the essential facts constituting the offense[s] charged. Fed. R. Crim. P. 7(c)(1).

The United States Supreme Court further elaborated that an "indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citation omitted). Generally, an indictment need only "set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. *Id.* (citations and quotations omitted).

Although the language of the statute may be used in the description of the offense, the description "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* 117–18. An Indictment need only address the "core of criminality" of an offense, meaning, the essence of a crime in general terms, and not the particulars of how a defendant effectuated the crime. *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012).

In reviewing a federal Indictment, it is generally improper for the Court to effectuate a challenge based on evidentiary sufficiency or the merits of the case. *United States v. Alfonso*, 143 F.3d 772, 776–77 (2d Cir. 1998). Finally, when considering a motion to dismiss, the Court must assume the truth of the factual allegations in the Indictment. *Boyce Motor Lines, Inc., v. United States*, 342 U.S. 337, 343 n16 (1952); *United States v. Clarke*, No. 05 CR. 017(DAB), 2006 WL 3615111, *1 (S.D.N.Y. Dec. 7, 2006).

Defendant Scali argues that this Court should dismiss all counts of the Second Superseding Indictment for legal insufficiency. (*See* Def. Mot. 19–37.) He posits that the Government failed to allege elements of the offenses charged. The Government argues that Defendant Scali's position is "laced with disputed factual assertions and arguments about the evidence that are inappropriate at this stage of the proceedings." (Govt. Mot. 16.) In essence, Defendant Scali, the Government avers, highlights factual disputes and the evidentiary strength of the case against him—issues which the Government suggests should be determined at trial.

The Defendant's position is unavailing. The Second Superseding Indictment clearly tracks the language of the applicable statue and provides facts to support the claims. For example, Count One of the Indictment charges the Defendant with mail fraud in violation of 18

U.S.C. § 1341. (S2 ¶¶ 1–12.) The Indictment first gives a factual recitation of the actions underlying the charged offense. The Indictment then alleges that Defendant Scali:

> [U]nlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations or promises for the purpose of executing such scheme and artifice and attempting to do so, placed in a post office and authorized depository for mail matter, a matter and thing to be sent delivered by the Postal Service, and deposited and caused to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and took and received therefrom, a matter and thing, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, a matter and thing.

(S2 ¶ 12.) As alleged, the charge tracks the statutory language which provides, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing[.]

18 U.S.C. § 1341.

Here, the Government followed the relevant language of the mail fraud statute and provided the time and place of the actions underlying the charged offense. It is well established that "an indictment need do little more than" that. *See United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975). The Government clearly met the minimum burden of "track[ing] the language of the statute charged and stat[ing] the time and place (in approximate terms) of the

9

alleged crime" and did so throughout the Indictment. *Tramunti*, 513 F.2d at 1113. Thus, Defendant's claim that the Second Superseding Indictment should be dismissed for legal insufficiency fails because the Government met the minimum pleading requirements by tracking the statutory language of the offenses charged.

Further, it bears noting that the substance of Defendant's argument asks the Court to dismiss the Second Superseding Indictment not because of legal sufficiency, but because of factual disputes and an apparent dearth of evidentiary support for the charges against the Defendant. (*See e.g.*, Def. Mot. at 20–21 (providing arguments disputing the factual allegations concerning Count One of the Second Superseding Indictment).) The sufficiency of the evidence is not a matter appropriately addressed on a pretrial Motion to Dismiss the Indictment. *United States v. Alfonso*, 143 F.3d 772, 776–77 (2d Cir. 1998). Thus, the claim also fails insofar as Defendant argues that the Indictment is legally insufficient because of the factual disputes and evidentiary support contained in his motion. Defendant's motion to dismiss the entire Second Superseding Indictment for legal insufficiency is denied.

## SEVERANCE

An Indictment may charge a Defendant in separate counts with multiple offenses if those offenses are: (1) of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). With respect to tax offenses, "[t]ax counts may be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged. The most direct link possible between non-tax crimes and tax fraud is that funds derived from non-tax violations either are or produce the unreported income." *United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012) (quoting *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007)).

10

Here, Defendant Scali requests that the Court sever Counts Two through, and including, Seven because they were improperly joined under Rule 8(a). Counts Two through Seven charge Defendant with structuring to evade currency transaction reports ("CTR"), false statements to the IRS, corruptly endeavoring to obstruct and impede the administration of the Internal Revenue Laws, and tax evasion. Defendant Scali argues that there is "absolutely no link whatsoever between counts two through seven and the remainder of the indictment" which charges the Defendant with mail fraud, obstruction of justice, and perjury with respect to the S.D.N.Y. grievance proceedings and his work on the deal between Opal and Channel A. (Def. Mot. 38.) The Government argues that the counts should be joined because the counts "are interconnected and constitute part of a common scheme charged in the [Indictment]." (Govt. Mot. 23.) More specifically, Defendant Scali is charged with "evading taxes on the income that Scali realized from the mail fraud scheme charged in Count One." (*Id.*)

All the charges are properly joined under Rule 8(a). Counts Two, Six and Seven are properly joined because they form part of a "common scheme or plan." In Count One, the Government charged the Defendant with a scheme defrauding a potential buyer of $850,000. The Government alleges that the $850,000 received by Defendant Scali constitutes income which should have been reported to the IRS. Because the Government alleges that the $850,000 scheme to defraud constituted unreported income, "the government may prosecute the defendant for fraud and for not paying taxes on the profits produced by the alleged fraud jointly." *Litwok*, 678 F.3d 216 (quoting *Shellef*, 507 F.3d 98). Thus the tax evasion charges in counts Six and Seven were properly joined under Rule 8(a).

Further, the related CTR claim in Count Two is also properly joined under Rule 8(a) because it forms part of the scheme or plan. The Government alleges that Defendant Scali

11

deposited the money acquired through the scheme in Count One in a manner aimed at evading currency transaction reports. Thus, structuring to evade currency transaction reports on the alleged defrauded funds forms part of the same common scheme or plan.

Lastly, the charges in Count Three, Four, and Five— that the Defendant allegedly made false statements to an officer of the IRS and endeavored to obstruct and impede the administration of the Internal Revenue Laws— are also properly joined because they are of the "same or similar character" as the other counts. Specifically, they all involve substantial dishonesty and deceit. *See United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990) (holding that since the underlying actions of the counts "involved substantial alleged dishonesty, surely [they] were of the same or similar character." (quotations omitted)). Thus, Defendant's motion to sever counts Two through, and including, Seven is denied.[1]

## *MONSANTO, JENCKS, GIGLIO, BRADY,* AND THE ARREST WARRANT

Defendant makes various requests for hearings and orders as well as challenges the legality of his arrest.

First, Defendant requests a hearing pursuant to *United States v. Monsanto*, 491 U.S. 600 (1989). A *Monsanto* hearing intends to "vindicate[] a defendant's Sixth Amendment right to counsel by testing in an adversary hearing whether seized assets are properly forfeitable in circumstances where the defendant has insufficient assets from which to fund his defense." *United States v. Cosme*, 796 F.3d 226, 232 (2d Cir. 2015) (citing *United States v. Monsanto*, 924 F.2d 1186, 1203 (2d Cir.1991) (*en banc*), *abrogated in part on other grounds by Kaley v. United*

---

[1] The Court acknowledges that "[e]ven though distinct offenses have been properly joined under Rule 8, the court may order separate trials . . . under Rule 14 if it appears that the defendant is prejudiced by the joinder." *United States v. Krug*, 198 F. Supp. 3d 235, 250 (W.D.N.Y. 2016) (citations and quotations omitted). Defendant Scali, however, does not allege that he will suffer prejudice as a result of the proper joinder.

*States*, 134 S. Ct. 1090 (2014)). As both Defendant Scali and the Government note, since the Government has not moved to seize any of Defendant's assets, the motion is premature. (Govt. Mot. 27; Def. Mot. 40.) Thus, Defendant's motion for a *Monanto* hearing is denied.

Next, Defendant asks the Court to order the preservation of any "rough notes" that could contain material pertinent to the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and that those notes be submitted for *in camera* review before trial. (Def. Mot. 40–43.) The Court also denies this request. The Defendant has not provided any reason for such an order, nor has he alleged facts pertaining to the Government's non-compliance with the directives of the Jencks Act, *Brady*, or *Giglio*. *See e.g., Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Further, the Government has assured that it has, and will continue to make Jencks Act, *Brady*, and *Giglio* materials available on a timely basis. (Govt. Mot. 28.) Consequently, there is no basis for an Order directing disclosure of the "rough notes" or *in camera* review. *United States v. Al-Marri*, 230 F. Supp. 2d 535, 542 (S.D.N.Y. 2002) (noting that such Government testimonials are sufficient to deny pretrial requests for Jencks Act, *Brady*, and *Giglio* materials.

Finally, Defendant requests the suppression of "all property and statements" obtained after the Defendant's arrest because the arrest was not supported by probable cause. (Def. Mot. 43.) In the alternative, Defendant Scali requests a hearing to determine the legality of the arrest, voluntariness of the statements and the propriety of seizures of any and all property. The Court denies these requests. Defendant was arrested pursuant to an arrest warrant following an Indictment by a Grand Jury. An arrest warrant under these circumstances has a presumption of probable cause which may be rebutted by establishing that the "indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."

13

*Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004); *Winn v. McQuillan*, 403 F. Supp. 2d 292, 293 (S.D.N.Y. 2005). Defendant Scali, however, does not provide any facts or evidence rebutting the presumption of probable cause. He only claims that "what is clear is that the on the face of the indictment returned, the government has not established each and every element of the crimes charged." (Def. Mot. 43.) The establishment of the elements of a crime is not a consideration in rebutting the presumption of probable cause. Thus, because Defendant does not allege facts rebutting the presumption of probable cause, his requests concerning the suppression of any statements or property acquired as a result of his arrest is denied.

## CONCLUSION

For the foregoing reasons, Defendant Scali's Motion to Dismiss the Indictment is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF Docket Number 99.

Dated: January 9, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge