UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH SCALI,

Defendant.

No. 16-CR-466 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

Defendant Joseph Scali ("Defendant") is charged in a ten-count indictment with (1) mail fraud in violation of 18 U.S.C. § 1341; (2) structuring to evade currency transaction reports in violation of 31 U.S.C. § 5342(a)(3); (3)–(4) false statements in violation of 18 U.S.C. § 1001; (5) corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); (6) tax evasion for the year 2011 in violation of 26 U.S.C. § 7201; (7) tax evasion for the year 2012 in violation of 26 U.S.C. § 7201; (8) obstruction of justice in violation of 18 U.S.C. § 1503; (9) perjury in violation of 18 U.S.C. § 1623; and (10) mail fraud in violation of 18 U.S.C. § 1341. (Superseding Indictment 2 ("S2") ECF Dock. No. 80.) Before the Court is the Government's first motion *in limine*. (Government's Motion *In Limine* ("Govt. Mot.") 1, ECF Dock. No. 89.) For the reasons set forth below, the Government's motion is GRANTED in part and DENIED in part

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 176–77 (S.D.N.Y.2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
FILED: 1/18/2018

1

on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09–cr–1153 (MEA), 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139 (quoting *Luce*, 469 U.S. at 41, 105 S.Ct. at 163)).

The Federal Rules of Evidence provide that only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401 (a)–(b). Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir.1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir.2008).

Evidence may also be admitted as "other act" evidence under Rule 404(b). The Second Circuit adopted an "inclusionary' approach to other acts evidence. *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (citing *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004) (per curiam)). Under 404(b), this Court "may admit evidence of prior bad acts if the evidence 'is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice.'" *United States v.*

*Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). The inclusionary rule, however, is not "a carte blanche to admit prejudicial extrinsic act evidence when, as here, it is offered to prove propensity." *Id.*

**DISCUSSION**

The Court assumes familiarity with the facts and allegations in this case. *See United States v. Scali*, 16-CR-466, 2018 WL 369195 (S.D.N.Y. Jan. 9, 2018). The Government raises ten issue in their first motion *in limine*. The Court takes each in turn.

**I. Evidence relating to the Defendant's Bar Proceedings**

The Government seeks to introduce evidence relating to the suspension and subsequent attempted resignation of the Defendant from the New York State Bar as a combination of both direct evidence of charged offenses and other acts evidence under Rule 404(b). (Govt. Mot. 1, 4.) The Government's request pertains to two sets of evidence. With respect to the first set, they argue that the Court "should permit the Government to call as witnesses the attorneys who handled Scali's disciplinary proceedings before the NY Grievance and SDNY Grievance Committees who will testify about the origin, nature, and the factual bases for the disciplinary proceedings against Scali." (*Id.* at 10.) The second set of evidence consists of seven "relevant pleadings, filings, and orders filed in the disciplinary proceedings." (*Id.*) These two sets of evidence are purportedly direct evidence of the obstruction of justice, perjury, and the mail fraud offenses charged in Count Eight, Nine and Ten of the Second Superseding Indictment. (*Id.* at 10, 13.)[1]

---

[1] Count Eight charges Defendant Scali with obstruction of justice. The Government alleges that after the District Court for the Southern District of New York (S.D.N.Y.) disbarred the Defendant, he then filed an affidavit (the "Scali Affidavit") stating that he was suspended temporarily by the New York State Bar for non-cooperation in an investigation of a matter that "had nothing to do with my law practice." (S2 ¶¶ 26–29.) Count Nine charges Defendant Scali with perjury for having submitted the aforementioned affidavit in support of his motion to vacate his disbarment from the S.D.N.Y. Bar (S2 ¶ 31.) Count Ten charges Defendant Scali with mail

3

With respect to the testimony of attorneys who handled Scali's disciplinary proceedings before the New York and S.D.N.Y. Grievance Committees, the Government argues that the witnesses will speak to the origin, nature and the factual bases for the disciplinary proceedings against the Defendant. This testimony will be submitted as direct evidence proving that a statement Defendant made in his affidavit to the S.D.N.Y. District Court was false. (*Id.* 10–11.) The Defendant faced disciplinary proceedings before the New York Bar after several complaints were filed against him, alleging professional misconduct, including the Defendant's improper use of his Attorney Trust Account, oversight in his law practice and record-keeping, and handling of client matters. (*Id.* at 4–5.) The Defendant further faced disciplinary actions in the Southern District of New York, during which he was disbarred and subsequently submitted an affidavit (the "Scali Affidavit") claiming that his temporary suspension from the New York Bar had "nothing to do with" his law practice. (*Id.* 7–8.) Defendant eventually submitted an affidavit in the New York State Appellate Division through which he voluntarily resigned from the New York Bar, and acknowledged his responsibility with regards to specific charges in the underlying disciplinary action. (*Id.* at 8.)

The Defendant argues that the testimony of the attorneys who handled the New York disciplinary proceedings is wholly unnecessary. (Def. Response to Govt. Mot. *In Limine* ("Def. Resp.") 4–6, ECF Dock. No. 94.) In order to establish that statement made by Defendant in the affidavit to the disciplinary committee was allegedly false, the Government need only to "adduce the subject matter under investigation, nothing more." (*Id.* at 5.)

The Government's motion to admit this testimony is granted. The relevancy of attorney's testimony and exhibits relating to the New York and S.D.N.Y. grievance committees is apparent

---

fraud in connection with Defendant's continued law practice after his New York State disbarment. (S2 ¶ 32–34.)

to the obstruction of justice and perjury offenses because they have the tendency to make the allegation of Defendant Scali's alleged false statement more or less probable than it would be without the evidence. The testimony, according to the Government, would prove that the statement made by Scali in his affidavit to the S.D.N.Y. Grievance Committee—that his suspension from the New York Bar for non-cooperation in the investigation that had nothing to do with his law practice—was false. (Govt. Mot. 10.) This is certainly true here, where the testimony will allegedly show that the suspension did in fact have to do with his law practice since the grievance complaints stemmed from various client's complaints.

Next, the Court determines that the probative value of the testimony is not substantially outweighed by a danger enumerated in Rule 403. While there are situations in which testimony concerning disbarment may be impermissible, this is not one of them. *See United States v. D'Auria*, 672 F.2d 1085, 1094 (2d Cir. 1982). Any concerns of the jury confusing issues or misleading the jury, would be ameliorated by narrowly tailored testimony and a proper limiting instruction, if the Defendant so requests.

The Court next turns to the second set of evidence: the pleadings relating to the New York and S.D.N.Y. Grievance Committee proceedings. The Government argues that the exhibits are relevant because they show the nature of the disciplinary proceeding against Scali, and specifically that it pertained to Scali's law practice. They further note that these exhibits are essential to proving that the statement in the Scali Affidavit was false.

Plaintiff's motion to admit the New York Grievance Petition (Govt. Mot., Exh. 1) and the Amended Petition (Govt. Mot., Exh. 3) (collectively "Petitions") is granted. The Petitions are relevant to prove that Defendant Scali's disbarment was due to his law practice because the Petitions' contents portray the myriad complaints relating to his law practice. The probative

value of the evidence is not substantially outweighed by a danger enumerated in Rule 403. The Petitions are straight forward and unlikely to mislead a jury. Further, the admission of the Petitions is not barred by the rule against hearsay because they are not being admitted for the truth of the matter asserted, but rather, to prove the Defendant's knowledge of the nature of the New York grievance proceedings. (Govt. Mot. 12–13.)

The motion to admit the Order to Show Cause and Affirmation (Gov. Mot., Exhibit 2) is denied. Although the Government alleges that the exhibit is relevant to show the nature of the proceedings, the Court is unpersuaded. The testimony of at least one attorney and the Petitions are sufficient to establish the nature of the proceedings. There is also a likelihood of confusing the issues and misleading the jury. The Order has facts and references to issues that are not particularly relevant to this case. Further, the operative information of the order—the fact that Defendant Scali had not responded to the Petitions—is evident from the Suspension Order. As a result, it would be imprudent to submit the Order to Show Cause and Affirmation in light of the substantial danger of misleading the jury and confusing the issue.

The motion to admit Defendant Scali's filings with the Grievance Committee (Gov. Mot., Exh. 4–6) is likewise denied. The filings are relevant to establishing that the New York Grievance proceedings against Defendant Scali did involve his law practice. However, the probative value is substantially outweighed by the danger of confusing the issues. Exhibits 4, 5, and 6 contain Defendant's responses to the New York State Grievance Petitions. Contained therein are his counterarguments and explanations concerning the multiple accusations against him. There is a substantial risk of a Jury fixating on whether or not he committed the underlying acts contained within the Petition, thus diverting attention from the question the evidence

pertains to, namely, whether or not his disbarment concerned his law practice. Accordingly, the motion to admit Defendant's filings with the New York Grievance Committee is denied.

The motion to admit Defendant's Suspension Order from the New York Bar (Govt. Mot., Exh.7) is granted. The evidence is relevant to showing that Defendant Scali was in fact suspended from the Bar and was suspended for actions related to his law practice. The Suspension Order is also directly relevant to the mail fraud offense charged in Count Ten which is based upon the Defendant's alleged continued practice of the law in 2014 following his suspension from the New York Bar. Further, its probative value is not substantially outweighed by any dangers because the Suspension Order is clearly written and reveals no more information concerning the underlying accusations than the Petitions do. The introduction of the Suspension Order is not barred by the rule against hearsay because it is not being offered for the truth of the matter asserted, but rather, to prove the Defendant's knowledge of, and provide context for, the underlying grievance proceedings. Accordingly, the motion to admit the Suspension order from the New York Bar is granted.

The motion to admit the S.D.N.Y. Disbarment Order (Govt. Mot., Exh. 9) is also granted. The Order is relevant to provide context to the "Scali Affidavit" submitted to the S.D.N.Y. bar to set aside the S.D.N.Y. disbarment Order. The Government expressed it will use the document along with the Scali Affidavit to prove that the Defendant's statement that his New York disbarment had nothing to do with his law practice is false. Further, its probative value is not substantially outweighed by any dangers. In fact, the purpose of the document is to quell any confusion that the jurors may have without it. With the document, the jurors can see that Defendant Scali was in fact disbarred from the Southern District of New York, and will understand why the Defendant submitted an affidavit in response. The admission of the Order

7

does not violate the rule against hearsay because it is not being admitted for the truth of the matter aserted, but rather, to prove the Defendant's knowledge, and provide context to, the underlying grievance proceedings. Accordingly, the motion to admit the S.D.N.Y. Disbarment Order is granted.

The motion to admit the Scali Affidavit (Govt. Mot., Exh. 10) is likewise granted. The Affidavit is relevant to showing that Defendant Scali conveyed to the S.D.N.Y. Grievance Committee that his suspension from the New York Bar was not related to his law practice. That statement is central to the Government's perjury and obstruction of justice charges, and the affidavit, according to the Government, would show that the Defendant made a false statement. Further, its probative value is not substantially outweighed by any dangers because the Government intends to use the affidavit for the specific statement the Defendant made concerning the New York Disbarment proceedings. The admission of the affidavit is not barred by the rule against hearsay because it is a statement by a party opponent under Rule 801(d)(2)(A). *See Red Cardinal Fifteen, Inc. v. Lange*, 106 F.3d 391 (4th Cir. 1997) (admitting discovery responses served in a prior case); *United States v. Dimitroff*, 541 F.2d 629, 631–32 (6th Cir. 1976) (affirming admission of an affidavit from probate court under rule 801(d)(2)). Accordingly, the motion to admit the affidavit is granted.

The Government's motion to admit Defendant's Amended Affidavit of Resignation (Govt. Mot., Exh. 11) to certain charges alleged by the New York Grievance Committee in his Amended Resignation Affidavit pursuant to Rule 404(b) is granted. The admissions are relevant to prove the Defendant's knowledge and intent with respect to the mail fraud offense charged in Count One because they involve similar instances of impropriety. The "other acts" in the Defendant's Admission are certainly sufficiently similar to allow a juror to draw a reasonable

8

inference probative of knowledge or intent. *See United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011). The acts admitted to by the Defendant involved precisely those at issue in this case: instances where the Defendant defrauded clients of money. Further, the probative value is not substantially outweighed by any dangers, and any concerns may be ameliorated through a limiting instruction, if one is requested. *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002).

The Government's motion to admit the Defendant's Amended Affidavit of Resignation as direct evidence relevant to the obstruction of the due administration of the Internal Revenue Laws in Count Five is granted. The evidence is relevant because it purportedly reveals the scheme by which the Defendant impeded the administration of those laws. The probative value of the Admissions is not substantially outweighed by any dangers, and any concerns of confusing the issues or misleading the jury are curable through a limiting instruction. Further, the evidence overcomes the rule against hearsay because it is admissible as a statement of a party opponent pursuant to Rule 801(d)(2)(A). Thus, the Government's motion is granted.[2]

## II. Evidence relating to Defendant's Tax Filing and Payment History

The Government requests that Defendant's prior personal and corporate tax filings and payment history—for the years 1994 through 2013— be admitted as direct evidence of his false statements, IRS obstruction, and tax evasion offenses charged in Counts Three through Seven. (Gov. Mot. 15–16; Govt. Reply in Supp. of its Motions *In Limine* ("Govt. Reply") 9, ECF No.

---

[2] The Court acknowledges the concerns of admitting this evidence because the New York grievance proceeding has a different standard of proof—preponderance of the evidence—than the instant federal criminal action. The Court, however, is guided by instances in which evidence of administrative proceedings have been submitted as evidence in other contexts. *See e.g.*, *Beechwood Restorative Care Center v. Leeds*, 856 F. Supp. 2d 580, 601 (W.D.N.Y. 2012) (admitting evidence of state administrative proceeding into evidence, but not admitting federal administrative proceedings because of risk of jury confusion); compare with *United States v. Nekritin*, No. 10–CR–491 (S–2)(KAM), 2011 WL 2462744, at * 3–*4 (E.D.N.Y. June 17, 2011) (excluding evidence of unrelated administrative proceeding because it lacked relevance).

98.))³ In the alternative, they request that the evidence of Defendant's filing history be admitted either as direct evidence of Defendant's *mens rea* or pursuant to Rule 404(b) for the purposes of proving Defendant's knowledge and intent with respect to the IRS obstruction and tax evasion offenses. (Govt. Mot. 17.)

The motions to admit Defendant's Scali's personal and corporate tax filings and payment history for the relevant years as direct evidence of the Defendant's willfulness and corrupt intent in allegedly making false statements to the IRS are granted. The personal tax filings and payment history are relevant to the charge of making false statements to an IRS officer for those years because this evidence will purportedly substantiate the willfulness of the two false statement counts. Specifically, this evidence, in conjunction with the IRS Officer's testimony, is proof that Defendant willfully made false statements to the IRS officer. The probative value of the evidence is not substantially outweighed by a danger because the documents will be used for the narrow and relevant purpose of proving that the statements made to the IRS officer were willfully false.

Further, the Court grants the Government's motion to admit Defendant's personal and corporate tax filings for the period from 2006 to 2012 as direct evidence of the Defendant's *mens rea* in impeding the due administration of the Internal Revenue Laws as charged in Count Five.

---

³ Count Three and Four charges Defendant with making a false statement on two occasions: (1) he represented to an officer of the IRS that his accountants had filed his personal federal income tax returns for 2006 and 2007 and enclosed a 2006 tax return signed by the Defendant on October 10, 2007 (S2 ¶ 15); (2) Defendant, through an attorney, represented to an officer of the IRS that Defendant provided his tax return preparer the items required to prepare a tax return for 2009 and that Defendant was unable to file a tax return for 2009 because Defendant's tax return preparer had not provided the 2009 tax return and had not returned the underlying source material. (*Id.*) Count Five charges Defendant with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws in that beginning in 2006 and continuing in 2013, Defendant provided false, incomplete, and misleading information to an IRS Officer as to which years he had filed tax returns and the accompanying reasons. (S2 ¶¶ 16–21.) Counts Six and Seven charge Defendant with tax evasion for the years 2011 and 2012. (S2 ¶¶ 22–25.)

The tax filings are relevant to proving the Defendant's intent in providing information to the IRS officer which was allegedly false, misleading, and incomplete as to which years the Defendant had filed tax returns, why he had not filed tax returns for the 2009 tax year, and the amount of income received by the Defendant during the 2011 and 2012 tax years. Further, the probative value is not substantially outweighed by any dangers because of the document's limited use and clarity.

The motion to admit the personal and corporate tax filings as evidence of the Defendant's knowledge and intent of the tax evasion counts pursuant to Rule 404(b) is also granted. The evidence is certainly relevant to the question of whether or not the Defendant evaded his taxes, and whether he did so willfully. The admission of tax records in tax evasion cases pursuant to 404(b) is typical, and is especially probative of a Defendant's intent. *See e.g.*, *United States v. Ellet*, 278 Fed. App'x 82, 84–85 (2d Cir. 2008) ("A defendant's past taxpaying record is admissible under Federal Rules of Evidence 403 and Rule 404(b) as circumstantial evidence of willfulness."). Further, the probative value of the evidence is not substantially outweighed by any dangers. Thus, the motion is granted.

The Government also moves to admit Defendant's corporate and personal tax records for the years 1994 through 2005. The request to admit this evidence as circumstantial evidence of the Defendant's *mens rea* is granted. The corresponding tax filings and payment history are relevant to the false statement and IRS obstruction charges because they show the Defendant's intent. Further, where, as here, the Defendant's intent to evade taxes is at issue, tax filing history is especially probative. Evidence of prior tax filings is relevant to prove that the Defendant acted willfully. *United States v. Bok*, 156 F.3d 157, 165–66 (2d Cir. 1998); *United States v. Ellet*, 278 Fed. App'x 82, 84–85 (2d Cir. 2008) ("A defendant's past taxpaying record is admissible under

11

Federal Rules of Evidence 403 and Rule 404(b) as circumstantial evidence of willfulness");
*United States v. Klausner*, 80 F.3d 55, 63 (2d Cir. 1996) ("Patterns of understating or failing to report income are also considered evidence of willfulness"). Thus, the Government's motion to admit Defendant's corporate and personal tax records for the years 1994 through 2005 to show intent is granted.

**III. Evidence Relating to Defense's Evasion of Property Taxes in Connecticut**

The Government's motion to admit evidence relating to the alleged evasion of property taxes concerning Defendant's property in West Hartford, Connecticut from 2009 through 2014 is granted. The Government requests the admission of this evidence pursuant to Rule 404(b) to prove knowledge, intent and absence of a mistake with regards to the two tax evasion charges against him. (Govt. Mot. 20.) This evidence is relevant to the charges because the previous similar act may be used as circumstantial evidence to prove the Defendant's state of mind. *See United States v. Myerson* 18 F.3d 153, 166 (2d Cir. 1994). Evidence of a prior act "should not be admitted as proof of the defendant's knowledge or intent unless the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated by the proponent of the evidence.'" *United States. v. Ozsusamlar*, 428 F. Supp. 2d 161, 166 (S.D.N.Y. 2006) (citing *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir.1994)). Here, the acts are similar because the Defendant did not pay his taxes on time. It is true that the Defendant allegedly made payments toward his outstanding property taxes for the years 2009 and 2010 in March 2014 and then in July 2016 his mother paid off the entirety of his taxes. However, the Defendant did not pay his taxes on time, and that act is sufficiently similar, and highly probative to the Defendant's intent and knowledge. Thus the Court finds that Defendant's late tax filings concerning his Connecticut property are similar to the tax evasion

charges in this case and are admissible pursuant to Rule 404(b) to prove his intent and knowledge. Further, the probative value of this evidence is not substantially outweighed by any danger because of its narrow use. The motion is granted.

**IV. Evidence and Argument Relating to Certain Potential Defenses**

The Government moves to preclude evidence or argument by the Defendant: (1) that the real estate contract at issue in Count One was not properly rescinded under New York State contract law; and (2) evidence, argument, or reference relating to proceedings in any related civil suits arising from the failed real estate deal at issue in this case.

The Defendant is currently involved in two ongoing civil lawsuits. The first is a suit brought on behalf of the Defendant against the Prospective buyer and one of its representatives, Harry Freed, in Pennsylvania. Defendant Scali alleges breach of fiduciary duty and sought injunctive relief to prevent Freed from selling the land at issue. The second lawsuit was brought by the Prospective Buyer against Scali in Nassau County Supreme Court in New York to recover the money that the Defendant had allegedly stolen in connection with the Pennsylvania land transaction. (Govt. Mot. 22.) In May 2015, the court denied the Prospective Buyer's motion for summary judgment.

The Government moves to preclude any evidence, argument, or reference by the Defendant relating to the state court civil proceedings because they are irrelevant and inadmissible hearsay. The Court grants their motion in part. Assuming *arguendo* that the ongoing state civil proceedings are relevant to the instant federal criminal case, the Court precludes any attempt to admit documents pertaining to the proceedings because such evidence is inadmissible hearsay. Hearsay is an out of court statement offered for the truth of the matter asserted. *United States v. Cummings*, 858 F.3d 763, 777 (2d Cir. 2017); Fed. R. Evid. 801(c).

13

Hearsay is inadmissible evidence unless it falls within an exception of the Federal Rules of Evidence. *Cummings*, 858 F.3d at 772; *See* Fed. R. Evid. 802. Here, any court documents would constitute hearsay to the extent that they are offered to prove the truth of the matter asserted. *United States v. Donziger*, 974 F. Supp. 2d 362, 606, n.1560 (S.D.N.Y. 2014). Defendant does not offer, nor does the Court find, an exception warranting the admission of such evidence. Thus, the admission of court documents from the state civil proceedings to prove the truth of the matter asserted are precluded. The Court reserves judgment on the preclusion of any references to the state proceedings for other purposes.

The Government's motion to preclude the Defendant from submitting evidence or argument that the real estate contract at issue in Count One was not properly rescinded under contract law principles is granted. It is well settled that a fraudulent scheme need not violate state law in order to support a federal mail fraud conviction. *United States v. Rybicki*, 38 Fed. App'x 626, 631 (2d Cir. 2002) (citation omitted). Thus, any argument that the Defendant did not violate the federal mail fraud statute because he was in conformance with state law contract law is precluded. Further, the Defendant suggests that he may also argue that his compliance with state contract law is relevant to the Defendant's state of mind. (Def. Mot. 24.) However, this argument is equally precluded because compliance with state law is irrelevant to a defense of the mail fraud statute. A Defendant's compliance with state law is no more relevant than one who is not when both are engaged in a scheme that violates the federal mail fraud statue. At best, it could be inferred that the former is more astute than the latter.

**V. Advice of Counsel Defense**

The Government's motion for an order compelling Defendant to provide prompt notice and to produce all discovery relating to any advice of counsel defense he intends to advance at trial is granted in part. The question of whether the Defendant will assert an advice of counsel defense with regards to the two tax evasion counts is moot because the Defendant unequivocally admitted to it in his pleadings. (Def. Mot. 25 ("Scali intends to demonstrate that he is not guilty of tax evasion because, for the years in question, he followed counsel's advice and provided his complete books and records to the IRS").) *See Royal Park Investments SA/NV v. United States Bank National Association*, 14 Civ. 2590 (VM), 2017 WL 4174926, at *9 (S.D.N.Y. Aug. 28, 2017) ("[A] defendant must clearly elect whether it will raise an advice-of-counsel defense before the close of discovery and in time to allow for such discovery") (citation and quotations omitted). As a result, the Defendant should have made pertinent disclosures during discovery, absent special considerations. *See id*; *see also United States v. Wells Fargo Bank, N.A.*, 2015 WL 3999074, *1 (S.D.N.Y. June 30, 2015) ("[T]he burden is on the party who intends to rely at trial on a good faith defense to make a full disclosure during discovery and the failure to do so constitutes a waiver of that defense") (quotations and citations omitted); *Arista Records LLC v. Lime Grp. LLC,* No. 06 CV 5936(KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) ("[A] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense.") (citations and quotations omitted); *United States v. Hatfield*, No. 06-CR-0550 (JS), 2010 WL 183522, *13 (E.D.N.Y. Jan. 8, 2010) ("This disclosure should include not only those documents which support [the] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense").

The parties contest whether the Defendant made full disclosure. Therefore, the Court orders as follows: (1) the Defendant produce all discovery relating to any advice of counsel defense he intends to advance at trial by January 23rd, 2018; and (2) that the parties address whether the Defendant has proffered the factual prerequisites of an advice of counsel Defense at the scheduled status conference on January 19, 2018.[4]

## VI. Introduction of Summary Exhibits

The Government's request to introduce summaries of voluminous evidence including bank records and the Defendant's tax filing history as well as charts or "pedagogical aids to the jury" pursuant to the Federal Rules of Evidence 1006 and 611(a) is granted subject to any objections by the Defendant. As both parties acknowledged, the Second Circuit "has long approved the use of charts in complex trials, and has allowed the jury to have the charts in the jury room during its deliberations so long as the judge properly instructs the jury that it is not to consider the charts as evidence." *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) (citations omitted). The summaries and charts are subject to review by the Defendant who has a right to object to their contents. Thus, subject to any objections by the Defendant, the Government's request to admit evidence summaries, charts, and aids is granted.

## VII. Defendant's Prior Statements

This Court reserves judgment on the Government's request to preclude Defendant from introducing any of the Defendant's prior statements outside of direct testimony. The Government notes that they will attempt to admit the Defendant's prior statements as statements of a party opponent under Rule 801(d)(2)(A). The Government also correctly notes that any attempts by

---

[4] The Government suggests that the Defendant may be precluded from asserting an advice of counsel defense, but does not make the argument forthright. Guided by efficiency and judicial economy, it behooves the Court to address this issue before trial. *See United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law").

the Defendant to admit his prior statements will have to overcome the rule against hearsay. *See United States v. Copeland*, 703 F.3d 46, 84 (2d Cir. 2012); *United States v. Blake*, 195 F. Supp. 605, 610 (S.D.N.Y. 2016). However, the Government's request to preclude any and all of the Defendant's prior statements is too broad at this juncture because the Government has not indicated which statements they seek to admit. Further, as the Government pointed out, any issues between the parties concerning the introduction of the Defendant's prior statements will first be discussed among the parties prior to raising specific disagreements to the Court. (Govt. Reply 28–29.) Thus, the Court reserves judgment on the Government's request.

**VIII. Introduction of Information not in Evidence and References to Punishment**

The Government's motion to preclude the introduction of information not in evidence or references concerning punishment to the jury is granted.

First, the Government essentially requests that the Defendant adhere to the Federal Rule of Evidence 103(d). Accordingly, the Government requests the Court preclude Defendant from: (1) making any reference to information in opening statements that will not be introduced in evidence; (2) making speaking objections that serve no proper purpose except to present inadmissible information or simple argument to the jury; and (3) reading the contents of documents not in evidence to the jury under the guise of questioning a witness or refreshing a witness's recollection. (Govt. Mot. 33.) Defendant seemingly concedes these points and notes that he expects to follow all applicable rules. (*See* Def. Mot. 28.) As a result, the motion to preclude is granted.

Second, it is well established that when, as here, a jury does not have a sentencing function, jurors are not to be informed of the consequences of their verdict because "[i]nformation regarding the consequences of a verdict is [] irrelevant to the jury's task.

Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). As both the *Shannon* Court and the Second Circuit suggest, there may be circumstances where it is within the Court's discretion to inform the jury of applicable punishments. *Id* .at 588 ("If, for example, a witness or prosecutor states in the presence of the jury that a particular defendant would 'go free' if found [not guilty by reason of insanity], it may be necessary for the district court to intervene with an instruction to counter such a misstatement."); *United States v. Polouizzi*, 564 F.3d 142, 161–163 (2d Cir. 2009). In this case, however, there is no basis upon which the Defendant would be allowed to introduce into evidence or refer to any punishment that may follow a conviction of the counts charged, nor does Defendant intend to. *United States v. Del Rosario,* No. S1 12 Cr. 81(KBF), 2012 WL 2354245, at *2 (S.D.N.Y. June 14, 2012). (Def. Mot. 28.) Thus, the Court grants the Government's motion to preclude any reference by the Defense to a potential punishment during all phases of the trial.

**IX. Cross Examination of Defendant's Witnesses**

The Court grants the Government's motion to cross-examine witnesses on the grounds of bias and motive to lie. Specifically, the Government anticipates that some of the Defendant's witnesses may be motivated not to tell the truth because of their close personal relationships with the Defendant. (Govt. Mot. 33.)

First, Defense counsel concedes that such questioning is "fair on cross-examination." (Def. Mot. 29.) Second, "the constitutional right to cross-examine a witness includes the opportunity to expose a witness's biases and possible motives to lie." *Cotto v. Herbert*, 331 F.3d 217, 248 (2d Cir. 2003) (citing *Davis v. Alaska*, 415 U.S. 308 (1974)). Thus, because "the

exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination," this Court grants the Government's motion to cross examine witnesses called by the Defendant on the ground of bias and motive to lie. *Davis*, 415 U.S. at 316–17.

**X. Cross-Examination of Defendant Concerning Misdemeanor Convictions**

The Court grants the Government's motion to cross-examine the Defendant—in the event that the Defendant testifies on his own behalf— about his misdemeanor convictions for unlicensed practice of law. Defendant Scali plead guilty to two separate counts of practice of law by an attorney who has been disbarred, suspended, or convicted of a felony in violation of New York Judiciary Law § 486, a misdemeanor.[5] Under Rule 609, the Government may attack "a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). That "evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

The parties contest whether a violation of § 486 necessarily encompasses a dishonest act or false statement. This Court finds that in this case, the underlying facts do. The "second prong of Rule 609(a) is [] restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977). Where, as here, the "title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court that a

---

[5] In 2015, Defendant Scali plead guilty to violating § 486 in Westchester County Court. The Defendant admitted during his plea allocution that although he had been suspended from the practice of law, he filed a notice of appearance with the Westchester County Court and appeared to represent a criminal defendant at his arraignment. In 2016, the Defendant plead guilty in Monroe Town Court, and admitted that following his suspension from the practice of law he represented a client in a matrimonial matter and accepted a retainer.

particular prior conviction rested on facts warranting the dishonesty or false statement description." *Id.* (citations and quotations omitted). Here, the Defendant plead guilty to practicing law after he had been suspended or disbarred on two separate occasions in two different courts. Practicing law without the proper credentials necessarily implies a dishonest act because the Defendant would have to falsely convey—to the court, and likely to his clients—that he was a properly barred attorney. In this case, the Defendant admitted to falsely conveying that he was not suspended from the Bar to two separate Courts. Thus, because the Defendant's conviction rested on dishonest actions, this Court grants the Governments motion to cross-examine the Defendant about his two misdemeanor convictions for unlicensed practice of law for impeachment purposes. *See United States v. Klein*, 438 F. Supp. 485, 487 (S.D.N.Y. 1977) (admitting evidence of prior willful failure to file federal income tax withholding returns because it rested on withholding pertinent information from the government concerning fiscal affairs); *United States v. Steele*, 216 F. Supp. 3d 317, 327 (S.D.N.Y. 2016) (admitting evidence of a prior robbery conviction because its underlying facts were probative to Defendant's character for truthfulness).

## CONCLUSION

For the foregoing reasons, the Government's *motion in limine* is granted in part and denied in part. The Clerk of Court is respectfully directed to terminate the motion at ECF Docket Number 89.

Dated: January 18, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge