USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH SCALI

Defendant.

No. 7:16-CR-466-(NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Defendant Joseph Scali ("Defendant") was convicted by a jury of: (1) mail fraud in violation of 18 U.S.C. § 1341; (2) structuring to evade currency transaction reports in violation of 31 U.S.C. § 5342(a)(3); (3)-(4) false statements in violation of 18 U.S.C. § 1001; (5) corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); (6) tax evasion for the year 2011 in violation of 26 U.S.C. § 7201; (7) tax evasion for the year 2012 in violation of 26 U.S.C. § 7201; (8) obstruction of justice in violation of 18 U.S.C. § 1503; (9) perjury in violation of 18 U.S.C. § 1623; and (10) mail fraud in violation of 18 U.S.C. § 1341. (*See generally* Second Superseding Indictment ("S2"), ECF No. 80.) Before this court is Defendant's motion for release from custody pending sentencing. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On March 1, 2018, a jury convicted Defendant of all ten counts in the Second Superseding Indictment. The Court subsequently heard argument on the Government's application to detain Scali prior to sentencing and concluded that Defendant failed to either overcome the presumption of detention pending sentencing or demonstrate by clear and convincing evidence that he is not a flight risk. (*See* Letter by USA as to Joseph Scali ("Gov't Mot.") 1, ECF No. 206); *see also* 18 U.S.C. § 3143(a)(1).

1

Consequently, the Court ordered Defendant to surrender voluntarily on March 5, 2018 at 9:00 a.m. to the United States Marshal Service in White Plains, New York. On June 14, 2018, Defendant filed a letter-motion requesting release from custody pending sentencing. (Letter Motion Re: Release From Custody Pending Sentence ("Def. Mot.") 1, ECF No. 205.) This Court denies Defendant's request for release pending sentencing.

## STANDARD OF REVIEW

Title 18, Chapter 207, of the United States Code governs a court's ability to release a defendant in federal custody. *See* 18 U.S.C. §§ 3141–3146. Different standards apply at each one of three stages: (1) before trial; (2) after conviction but before sentencing; and (3) after sentencing but pending appeal. *Id.*

Where, as here, Defendant's request for release was made after his conviction but prior to sentencing, 18 U.S.C. § 3143 applies. *See United States v. Chen*, 257 F. Supp. 2d 656 (S.D.N.Y. 2003); *see also United States v. Bloomer*, 967 F.2d 761, 763 (2d Cir. 1992) (recognizing that a finding of guilt triggers the provisions of 18 U.S.C. § 3143). The part of section 3143 relevant to Defendant's request provides:

> (a) Release or detention pending sentence.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143.[1]

Thus, the Court will order Defendant detained unless he overcomes the presumption of detention at the pre-sentencing stage. To do so, Defendant must fulfill both prongs of the standard in 18 U.S.C. § 3143(a), which require that he demonstrate by clear and convincing evidence that he is: (1) not likely to flee; and (2) not a danger to the safety of any other person or the community. *United States v. Lippold*, 175 F. Supp. 2d 537, 539 (S.D.N.Y. 2001).[2] Although the Court decided that Defendant was a flight risk directly following his conviction, the Court will now again consider Defendant's arguments.[3]

## DISCUSSION

### A. Whether Defendant Satisfies the Statutory Standard for Pre-Sentencing Release

---

[1] Defendant falls under paragraph (a)(1) as opposed to paragraph (a)(2), which outlines the standard for violent and certain narcotics crimes. *See* 18 U.S.C. § 3143(a)(2); *see also United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("[18 U.S.C. § 3143(a)(2)] is a more stringent test than the one that applies to individuals who have been convicted of non-violent crimes, which requires only that the judge find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released").

[2] It bears noting that, pending sentencing, Defendant no longer possesses a substantive constitutional right to bail. *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).

[3] The parties asked this Court to take a different approach to the question of whether Defendant is entitled to bail even though this Court previously decided to revoke bail post-conviction. First, Defendant ostensibly attempts to reopen the detention hearing when the typical procedure in this Circuit for challenging a pre-sentencing detention order is to appeal the order. (Def. Mot. 1); *see United States v. Madoff*, 586 F. Supp. 2d 240 (S.D.N.Y. 2009) (appealing from a denial for bail pending sentencing following Defendant's conviction for securities fraud); *see also Lippold*, 175 F. Supp. 2d at 539 (S.D.N.Y. 2001) (appealing from a denial of bail pending sentencing after conviction on conspiracy to distribute and possess cocaine). Second, the Government, in arguing that Scali cannot reopen the detention hearing because he has not demonstrated that there have been "new or changed circumstances," mistakenly applies the part of the statute controlling detention pre-trial (18 U.S.C. § 3142(f)) to the present pre-sentencing context. (Gov't Mot. 1); *see* 18 U.S.C. § 3142; *see also United States v. Rodriguez*, No. 15-MJ-02956, 2015 WL 6503861, at *2 (S.D.N.Y. Oct. 26, 2015) (holding that Defendant could not reopen the pre-trial detention hearing because his motion did not demonstrate that there were sufficiently "new or changed circumstances"). 18 U.S.C. § 3143, which governs release prior to sentencing, is in fact silent on the question of whether it is possible to reopen a detention hearing. *See* 18 U.S.C. § 3143.

3

Defendant does not satisfy the first prong of 18 U.S.C. § 3143 because he fails to establish by clear and convincing evidence that he is not a flight risk.[4] Various factors weigh heavily against him. First, Defendant's conviction of crimes with an overall guidelines range of 87–108 months is a factor that increases his risk of flight. Defendant faces the prospect of a long imprisonment that very likely may make him reluctant to willingly submit to incarceration. *United States v. Londono-Villa*, 898 F.2d at 329–30 (2d Cir. 1990) (noting that Defendant's conviction and accordant guidelines range of 292–365 months' imprisonment was a "powerful incentive to flee that did not exist pre-trial," contributing to a denial of bail pre-sentencing). It is also significant that Defendant is in his late 60s, recently underwent two hernia surgeries, and has a number of health problems, including an enlarged prostate, hypertension, cardiomyopathy, cataracts, and an enlarged aorta. Given Defendant's age, poor health, and the lengthy sentencing guidelines range, it is very possible that he will stay incarcerated for a significant number of years. This prospect provides a greater incentive to flee because Defendant may potentially reclaim his liberty for only a small period of his life. *See United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) (recognizing that the fact that Defendant, at 70 years of age, would live the remainder of his life in jail provided an incentive to flee, supporting a denial of bail pre-sentencing).

Moreover, Defendant's perjury conviction and the fact that his daughter lives in England are additional factors that weigh against him. *See United States v. Light*, 599 F. Supp. 874, 876 (E.D.N.Y. 1984), *aff'd*, 770 F.2d 158 (2d Cir. 1985) (Defendant's perjury made the court "[hesitant] to rely on his assurances that he will not flee and will not engage in illegal

---

[4] Thus, the Court need not reach the question of whether Defendant satisfies the second prong of 18 U.S.C. § 3143.

transactions" if released on bail prior to sentencing); *see also United States v. Sabhnani*, 529 F. Supp. 2d 377, 381 (E.D.N.Y. 2007) (noting that Defendant was more likely to flee because she had family members who reside abroad). Defendant's perjury undermines the Court's ability to trust his promise that he will not flee. Further, since Defendant's daughter lives in England, he conceivably has the opportunity to build a new life abroad which he would undoubtedly prefer to a potentially life-long incarceration.[5] Thus, for the foregoing reasons, Defendant has failed to establish by clear and convincing evidence that he is not a flight risk.

### B. Whether Defendant Would Pass the "Exceptional Circumstances" Test

There are other parts of Section 3143 that apply exclusively to Defendants convicted of violent crimes, offenses where the maximum sentence is life imprisonment or death, and offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46. 18 U.S.C. § 3143(a)(2), (b)(2); *see* 18 U.S.C. § 3142(a), (b), (c), (f)(1). More specifically, parts (a)(2) and (b)(2) of Section 3143 provide a stricter standard for release on bail pending sentencing for Defendants convicted of those crimes. *Lea*, 360 F.3d at 403. This standard is set forth in 18 U.S.C. § 3145(c), which states that "a person subject to detention pursuant to section 3143(a)(2) or (b)(2) and who meets the conditions of release set forth in sections 3143(a)(1) or (b)(1), may be ordered released . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

---

[5] While Defendant claims correctly that he is not in possession of his passport, this does not weigh heavily in favor of his contention that he is not a flight risk.

5

Were we to apply this heightened standard here, Defendant would fail to meet it. Exceptional circumstances "exist where there is a unique combination of circumstances giving rise to situations out of the ordinary." *United States v. Lea*, 360 F.3d 401, 404 (2d Cir. 2004). The test is flexible and gives district courts broad discretion to determine if a particular set of circumstances qualifies as exceptional. *Id.* More specifically, "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release pending sentencing." *Lippold*, 175 F. Supp. 2d at 540 (citing *United States v. Luciano*, 108 F.3d 1370, 1997 WL 120567, *2 & n. 1 (2d Cir. Feb. 24, 1997)). Yet, "an unusual factual or legal question may constitute exceptional circumstances as may a merely substantial question combined with one or more remarkable and uncommon factors." *United States v. Yannotti*, 457 F. Supp. 2d 385, 394 (S.D.N.Y. 2006) (internal quotation marks omitted) (quoting *Lippold*, 175 F. Supp. 2d at 540).

Defendant makes four arguments in support of his motion for release:

> (1) Scali could be sentenced to probation on each [count], or to a short prison term; (2) [t]here were no violations of conditions while Scali was on pretrial release; (3) Scali would not flee because the Government has his passport, his roots are all here and he would not put his 90+ year old parents for whom he [ ] has been the primary caretaker in jeopardy by fleeing and; (4) Scali is not a danger to the community because he no longer has a license to practice law and has no assets or income.

(Gov't Mot. 1–2) (internal quotation marks omitted) (quoting Def. Mot. 2). These arguments do not show that there are a sufficiently unique set of circumstances to warrant Defendant's release. While Scali's circumstances are not purely personal (only arguments two and three are personal in nature), they are nevertheless unremarkable. Defendant's circumstances are not even remotely analogous to those of the defendant in *United States v. Rentas*, No. 09 CR 555 (HB), 2009 WL 3444943, at *2 (S.D.N.Y. Oct. 26, 2009), for example, which is one of the rare cases in this District where a defendant met the exceptional circumstances standard. In *Rentas*, exceptional

6

circumstances existed where Defendant was gainfully employed as a dental assistant, her co-workers co-signed the bail package, she offered to and did cooperate with the government in the investigation, she played a minor part in the suspected conspiracy, and she had a four-year-old daughter who suffered from hyperactivity and insomnia. *Rentas*, 2009 WL 3444943, at *2. Scali is not currently employed and cannot regain employment as a lawyer because he no longer has a legal license. Moreover, Scali was the sole perpetrator of his crimes, as opposed to an ancillary conspirator, and while he alleges that he was the primary caregiver for his elderly parents before he was detained, this is a "purely personal" situation that does not alone raise Scali's circumstances to the requisite level of "exceptional." Consequently, for the foregoing reasons, Defendant does not meet the exceptional circumstances standard.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 205.

Dated: July 12, 2018　　　　　　　　　　　　SO ORDERED:

　　　　White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge