USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH SCALI,

Defendant.

No. 16-CR-466 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

Following a jury trial, Defendant Joseph Scali ("Defendant") was convicted of ten counts of the Second Superseding Indictment including: (1) mail fraud in violation of 18 U.S.C. § 1341; (2) structuring to evade currency transaction reports in violation of 31 U.S.C. § 5342(a)(3); (3)–(4) false statements in violation of 18 U.S.C. § 1001; (5) corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); (6) tax evasion for the year 2011 in violation of 26 U.S.C. § 7201; (7) tax evasion for the year 2012 in violation of 26 U.S.C. § 7201; (8) obstruction of justice in violation of 18 U.S.C. § 1503; (9) perjury in violation of 18 U.S.C. § 1623; and (10) mail fraud in violation of 18 U.S.C. § 1341. (*See* Second Superseding Indictment ("S2") 2, ECF No. 80.) Before the Court is Defendant's Motion to set aside the jury verdict and order a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. For the following reasons, Defendant's motion is deemed timely and the parties are directed to appear for an evidentiary hearing on July 27, 2018 at 12:00pm.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case. On March 1, 2018, Defendant Joseph Scali was convicted of all ten counts of the Second Superseding Indictment following a jury trial. The Court scheduled sentencing for June 1, 2018, but on May 23, 2018, the

1

Defendant personally faxed a letter motion to the Court seeking, *inter alia*, an order setting aside the jury verdict and ordering a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] Defendant Scali alleges that trial counsel was constitutionally ineffective for failing to discuss the pros and cons of accepting or declining a plea offer made by the Government. Defendant also alleges that his trial counsel failed to communicate the existence of a second plea offer, which Defendant allegedly became aware of after trial. Defendant's trial counsel, Mr. Michael Sussman, filed a motion to withdraw as counsel and an affirmation in which he categorically rejected Defendant's representations. (ECF Nos. 196, 197.)

This Court substituted Defendant's counsel with Mr. John Wallenstein on June 1, 2018. (ECF No. 201.) Mr. Wallenstein submitted a letter motion to this Court supplementing Defendant's original motion on July 1, 2018. (ECF No. 213.) In that letter, Defense counsel requested a hearing on the issue of whether Mr. Sussman rendered constitutionally sufficient advice regarding two plea offers and echoed Defendant's argument that his failure to timely file the Rule 33 motion should be excused because the deadline ran while Defendant was represented by Mr. Sussman.

## DISCUSSION

Defendant Joseph Scali argues that his attorney was ineffective for failing to offer sufficient advice as to the desirability of a plea offer prior to trial. Specifically, he claims that Counsel (1) failed to discuss the "pros and cons of accepting/declining the plea offer"; (2) "failed to offer any advice as to whether the Defendant should accept or reject the plea offer"; and suggests that (3) "had counsel advised Defendant to accept the Government's favorable plea offer, Defendant would have followed that advice an[d] entered a plea of guilty." (Def. Rule 33

---

[1] Defendant also sought an order releasing him on bail pending the disposition of this motion and/or sentencing. This Court denied that motion on July 12, 2018. (ECF No. 214.)

2

Mot. ("Def. Mot.") 2.) Defendant further argues that he was unaware of the existence of a second plea offer until after trial. (Fax from Defendant Joseph Scali to Judge Román (May 29, 2018) ("May 29 Fax"); Def. Supplemental Rule 33 Letter Motion ("Supp. Letter") 1, ECF No. 213.) Defendant also requests that the Court excuse his untimely filing of the instant Rule 33 motion.

### A. Timeliness of Rule 33 Motion

Defendant Scali, acting *pro se*, untimely filed the instant Rule 33 motion on May 23, 2018, and requests that the Court find that his failure to act was "due to excusable neglect." (Def. Mot. 2.) His new counsel filed a letter, supplementing the May 23, 2018 motion. (Supp. Letter 1). The Government contends that the motion is untimely and that Defendant cannot show excusable neglect because he knew of the actions complained of well before his motion was due and, therefore, could have filed a timely motion. (Mem. Of Law in Opp. to Def. Mot. for a New Tiral ("Gov't Mot.") 16–18, ECF No. 217.)

On a Rule 33 motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 states that a motion "for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). "In this Circuit, claims for ineffective assistance of counsel are not considered 'new evidence' within the meaning of Fed. R. Crim. P. 33(b)(1), and as such, fall into the Fed. R. Crim. P. 33(b)(2) catchall." *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *4 (S.D.N.Y. Aug. 5, 2011); *see United States v. Rivera*, No. 09–CR–619 (SJF), 2013 WL 2627184, at *3 (E.D.N.Y. June 11, 2013). While Rule 33 "confers broad discretion upon a trial court," the granting of the motion must be predicated upon the Court's need to avoid a perceived miscarriage of justice. *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Rule 33 motions are typically granted "only in

extraordinary circumstances." *United States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995); *see United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009); *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997).

Under Rule 33, "a defendant must bring a motion for new trial within 14 days of the verdict or finding of guilt, unless the court finds that the late filing was the product of 'excusable neglect.'" *United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010) (quoting Fed. R. Crim. P. 45(b)(2)); *see Eberhart v. United States*, 546 U.S. 12, 19 (2005) (holding that Rule 33 is nonjurisdictional and must be read in conjunction with Rule 45(b)). "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b). A finding of excusable neglect requires consideration of various factors including: (1) "the danger of prejudice to the [non-movant]"; (2) "the length of the delay and its potential impact upon judicial proceedings"; (3) "the reason for the delay, including whether it was in the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *United States v. Pauling*, 256 F. Supp. 3d 329, 340 (S.D.N.Y. 2017) (quoting *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993)); *see United States v. Frederick*, 868 F. Supp. 2d 32, 44 (E.D.N.Y. 2012) (noting that "'[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission'") (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (footnote omitted)).

Here, Plaintiff established excusable neglect for the untimely filing of his Rule 33 motion. First, the danger of any prejudice to the Government is negligible. Although the Government argues that the potential of a new trial would be prejudicial, "[t]he Government identifies no prejudice to its ability to oppose this motion." *Pauling*, 256 F. Supp. 3d at 340.

Second, the length of the delay and its potential impact upon judicial proceedings is minimal. While it is true that Defendant's untimely filing delayed his sentencing, any further delay in proceedings is assuaged by the fact that no new counsel needs to be appointed to represent Defendant in connection with his ineffective assistance of counsel claim. *See Frederick*, 868 F. Supp. 2d at 44. Further, there is no indication at this time that Defendant is not acting in good faith and simply diligently asserting his rights.

Finally, the primary reasons for the delay in filing the instant Rule 33 motion also weigh in Defendant's favor. During the 14 days following his conviction, Mr. Sussman—the same attorney that Defendant now claims to have been constitutionally ineffective—continued representing Defendant Scali. Further, Defendant contends that he did not know that Mr. Sussman did not communicate a plea offer from the Government until after the 14 day period expired. Defendant primarily relies on *United States v. Brown* for the proposition that failure to abide by Rule 33's procedural limitation may be excused where the allegedly ineffective counsel continues representing Defendant during the 14 days following conviction or a finding of guilt. (Def. Mot. 3.) *Brown* does not imply such a blanket rule. Rather, *Brown* found that there is a "reasonable contention" of excusable neglect where the allegedly ineffective attorney continued to represent Defendant during the 14 days following conviction or a finding of guilt and Defendant discovered the basis of the alleged ineffectiveness outside of the 14-day period. *Brown*, 623 F.3d at 113 n.5 ("On these facts, it is clear that [Defendant] has a reasonable contention to be adjudicated by the district court that his failure to move within the time specified in Rule 33 was attributable to excusable neglect"). *Brown*, however, is not deaf to the argument that an attempt at asserting a claim of ineffective assistance of counsel against the very attorney that continues representing the Defendant presents obvious difficulties. *See Brown*, 623

F.3d at 113 n.5 (noting that Defendant's reasonable contention of excusable neglect rested, in part, on the assertion that the allegedly ineffective attorney continued to represent Defendant during the 14 days following his conviction).[2] Indeed, Mr. Sussman's representation of Defendant during the 14-day period following his conviction is just one factor for the Court's consideration.

After weighing the relevant considerations, the Court finds that Defendant's delay in moving within the time specified in Rule 33 was attributable to excusable neglect. Further, the Court finds that under these circumstances, the adjudication of Defendant's ineffective assistance of counsel claim at this juncture of the case would be the most efficient manner of resolving his claim. *See Brown*, 623 F.3d at 113–14.

### B. Ineffective Assistance of Counsel

Defendant Scali claims that his trial attorney was constitutionally ineffective for failing to advise and discuss the ramifications of a plea offer from the Government, and for failing to communicate a plea offer altogether. (Def. Mot. 4–6; Supp. Letter 1–2; May 29 Fax at 1.) Defendant's trial counsel categorically rejects his failure to advise Defendant of any plea offers and affirms that he thoroughly discussed the ramifications of those offers and a counter offer made to the Government. (Aff. of Michael H. Sussman in Supp. of Mot. to Withdraw as Counsel ("Sussman Aff.") ¶¶ 4–5, ECF No. 197; *See e.g.*, Aff. of Michael H. Sussman in Opp. of Rule 33 Motion, ¶ 24, ECF No. 216.) For the following reasons, the Court finds that an evidentiary hearing is appropriate for the resolution of this claim.

---

[2] The Government's reliance on *United States v. Rivera* is misplaced. Although Defendants in that case similarly raised an ineffective assistance of counsel claim prior to sentencing, the Defendants there, unlike here, did not raise the claim in their first Rule 33 motion, nor did they "advance any reason for their more than five (5) month delay in advancing an ineffective assistance of trial counsel claim." *Rivera*, 2013 WL 2627184, at *3.

6

It is well settled, that counsel owes their client a duty of loyalty, a duty to avoid conflicts of interest, and when representing a criminal defendant, counsel's role is to assist Defendant in his defense within the permissible rules of law. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). Such assistance includes the duty to advocate Defendant's cause, to consult with the accused on all matters of importance and to apprise the Defendant of important developments in the course of the prosecution. *Id.* at 688. The Sixth Amendment to the United States Constitution "guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings," *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227–228 (1967)), which includes the entry of a guilty plea, *see Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) ("The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea"), and sentencing. *Mempa v. Rhay*, 389 U.S. 128 (1967). In regards to a negotiated plea, counsel has the utmost obligation to advise his client of "the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010) (quoting *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). At sentencing, counsel's sage advice and forceful advocacy can serve to minimize a defendant's period of incarceration. *See Glover v. United States,* 531 U.S. 198, 203 (2001).

Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Missouri v. Frye*, 566 U.S. 134, 140 (2012). In order to reverse a conviction based on ineffective assistance of counsel, there must be a showing that counsel's assistance was constitutionally deficient and that such deficiency prejudiced the defense so as to deprive the Defendant of a fair proceeding. *Strickland*, 466 U.S. at 687–693.

When evaluating counsel's performance, judicial scrutiny must be highly deferential and must not serve as an opportunity to act as a Monday morning quarterback. *See Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [ ] strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A Defendant claiming ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish *Strickland* prejudice, Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Specifically in the context of pleas, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When, as in this circumstance, a Defendant rejected a plea offer:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164.

"Although not always required, a hearing on a Rule 33 motion 'is sometimes necessary to provide a sufficient record for [a court] to review the ineffective assistance claim on the merits.'" *United States v. Walia*, No. 14–CR–213 (MKB), 2015 WL 3466290, at *4 (E.D.N.Y. May 29,

8

2015) (quoting *United States v. Thomas*, 608 F. App'x 36, 38 (2d Cir. 2015) (summ. order). Indeed, "[w]hether a district court should hold an evidentiary hearing before deciding a motion for a new trial rests in the discretion of that court." *United States v. Camacho*, 163 F. Supp. 2d 287, 313 (S.D.N.Y. 2001). A district court may also decide a claim of ineffective assistance of counsel where the record "provide[s] a sufficient basis upon which to deny the petition." *Neal v. United States*, 08-cr-0086 (KBF), 15-cv-7665 (KBF), 2016 WL 2993200, at *1 (S.D.N.Y. May 23, 2016); *see Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (noting that "[t]he district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions").

Here, the Court finds it appropriate to hold an evidentiary hearing for the purpose of fully developing the record. Despite the Government's substantial submissions, an evidentiary hearing will provide the opportunity for Defense counsel to cross-examine Mr. Sussman as to what plea offers were made, communicated to Defendant, and to what extent they were discussed with Defendant Scali. The hearing will also allow the Government to further describe, on the record, the extent and substance of the advice Mr. Sussman gave to Defendant Scali regarding the plea offers. Declining to hold a hearing would potentially limit the Second Circuit's ability "to address an ineffective assistance claim on direct appeal." *Brown*, 623 F.3d at 114. Therefore, an evidentiary hearing in this matter is warranted.

## CONCLUSION

For the foregoing reasons, the Court extends Defendant Scali's time for his motion to set aside the jury verdict and order a new trial pursuant to Federal Rule of Criminal Procedure 45(b)(2). The parties are directed to appear before this Court for an evidentiary hearing on Friday, July 27, 2018, at 12:00pm, at the Charles L. Brieant United States Courthouse, 300 Quarropas Street, White Plains, NY 10601, Courtroom 218.

Dated: July 23, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge