USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/29/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -against-

JOSEPH SCALI,

                 Defendant.

_____

NICHOLAS J. SCALI,

BARBARA G. SCALI,
               Petitioners.

No. 16-CR-466 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Upon a review of the moving papers, the Government's motion seeking to dismiss the

Third-party petition of Nicholas and Barbara Scali seeking to assert an interest in real property

located at 151 Balfour Road, West Hartford, Connecticut (the "Connecticut Property"), is

GRANTED.

Defendant Joseph Scali ("Defendant") was charged in a ten-count indictment with (1)

mail fraud in violation of 18 U.S.C. § 1341; (2) structuring to evade currency transaction reports

in violation of 31 U.S.C. § 5342(a)(3); (3)– (4) false statements in violation of 18 U.S.C. § 1001;

(5) corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue

Laws in violation of 26 U.S.C. § 7212(a); (6) tax evasion for the year 2011 in violation of 26

U.S.C. § 7201; (7) tax evasion for the year 2012 in violation of 26 U.S.C. § 7201; (8) obstruction

of justice in violation of 18 U.S.C. § 1503; (9) perjury in violation of 18 U.S.C. § 1623; and (10)

mail fraud in violation of 18 U.S.C. § 1341. (Second Superseding Indictment ("S2") 2, ECF No. 80.) The indictment contained a forfeiture allegation providing notice of the Government's intent to seek forfeiture on the mail fraud counts, including forfeiture of substitute assets. *Id*. On March 1, 2018, following a jury trial, Defendant was found guilty of all counts in the indictment. On March 15, 2018, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment ("Money Judgment"), against the Defendant, in the amount of $852,000.00, representing the sums of money the Defendant wrongfully took from the victims.(EFC No. 192.)

Following the Government's failed attempt to locate, obtain, or collect assets traceable to the proceeds of Defendant's criminal acts for the purpose of satisfying the Money Judgment, the Government moved for a Preliminary Order of Forfeiture as to Substitute Asset ("Substitute Asset Motion"). (EFC No. 233.)  In particular, the Government sought to proceed against Defendant's only identifiable asset,  the Connecticut Property, in order satisfy the Money Judgment.[1] On March 8, 2019, the Court granted the Government's unopposed Substitute Asset Motion and issued a Preliminary Order ("Substitute Asset Order"). (ECF No. 245.) The Substitute Asset Order directed the Government to publish notice of the Substitute Asset Order and to send notice to any person reasonably appearing to have a interest or potential claim to the Connecticut Property. The Government posted notice of its intent to dispose of the Substitute Asset. See Rule G(4)(a)(iv)( C ) of the Supplemental Rules for Admiralty and Marine Claims and Asset Forfeiture Actions.

On or about May 21, 2019, the Government received a petition from Defendant's parents, Nicholas and Barbara Scali ("Petitioners"), wherein they seek to assert an interest in the

---

[1] The Government sought to proceed against Defendant's 50% interest in the Connecticut Property.

Connecticut Property. (ECF No. 250-2.)  In support of their petition, Petitioner's attach a copy of

a warranty deed for the Connecticut Property. A review of the warranty deed, recorded with the

West Hartford Town Clerk in June 2009, indicates that the Connecticut Property was purchased

by the Defendant and his wife, Arelys Scali. Also attached to the petition, is a mortgage deed

("Mortgage"), recorded August 1, 2009, which indicates that the Defendant and his wife

obtained a mortgage loan on the Connecticut Property from the Petitioners. Notably, the

Petitioner's acknowledge that the existing Mortgage was satisfied/discharged. See ECF No. 250-

2, Satisfaction of Mortgage, dated July 14, 2016.

 21 U.S.C. § 853 provides procedures by which a third party seeking to recover an alleged

interest in forfeited property may obtain judicial resolution of their claim. "Any person, other

than the defendant, asserting a legal interest in property which has been ordered forfeited to the

United States ... may, within thirty days of the final publication of notice or his receipt of

notice..., petition the court for a hearing to adjudicate the validity of his alleged interest in the

property." 21 U.S.C.A. § 853(2). As a threshold matter, a petitioner must demonstrate that it has

a legal interest in the subject property. See *U.S. v. Ribadeneira*, 105 F.3d 833, 835 (2d Cir.

1997). In order to prevail in its application, a petitioner  must demonstrate that it has a superior

interest in the subject property to that of the Government. *Id.* at 834.

 Here, Petitioners' own submission fails to demonstrate that it has a legal interest in the

Connecticut Property. A mortgage serves as a lien to secure a debt on real property. See *Shapiro

v. Neiditz*, 16 Conn. Supp. 166, 166 (1949). A mortgage lien is presumed valid in the absence of

evidence to the contrary. *Id*. Payment of the mortgage debt, the loan, serves to extinguish the

mortgage. *Peck v. Lee*, 110 Conn. 374 (1930). Connecticut General Statutes § 49-9 provides in

relevant part that a mortgage on real property may be discharged or released by a written sworn

instrument executed by the lien holder acknowledging that the mortgage has been discharged or that the indebtedness secured by the mortgage lien has been satisfied. *See also First Connecticut Capital Mortg. Fund, C, LP v. Lighthouse Homes*, LLC, No. CV065004695, 2007 WL 2428668, at *6 (Conn. Super. Ct. Aug. 10, 2007). Though Petitioners' moving papers suggest that the "mortgage lien and note" of indebtedness has been reinstated, the documentary evidence shows otherwise. The recorded satisfaction of mortgage, supports a finding that the mortgage lien has been satisfied and discharged. No other documents has been presented nor recorded to demonstrate that Petitioners' mortgage has been re-instated.

Lastly, Petitioners alternatively assert that they have an "equitable mortgage" on the Connecticut Property. An equitable mortgage is a legal concept that has been recognized by Connecticut courts. *See Bank of Am., N.A. v. Murillo*, No. FBTCV176062587S, 2019 WL 5549581, at *2 (Conn. Super. Ct. Oct. 2, 2019). Generally, an equitable mortgage may exist when (1) parties attempt to create a mortgage which is imperfectly executed; (2) when parties enter into an agreement to charge described property as security for money advanced; and (3) when a creditor advances a sum of money to a debtor on the condition that the debtor execute and deliver a mortgage and fails to do so. *Id.* While it is true that the existence of an equitable mortgage is to be determined by "the situation and course of conduct of the parties and all the circumstances are to be considered" (Id. at *2 *citing Arvee Construction Co. v. Ardolino*, 144 Conn. 7, 11 (1956)), Petitioners' assertion of the existence of an equitable mortgage is made in a conclusory fashion. Moreover, Petitioners' sworn and recorded statement, the satisfaction of mortgage, is affirmative evidence of their clear intention to discharge the existing indebtedness and mortgage lien. Accordingly, for all the reasons provided, the petition must be denied.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 255.


Dated:  July 29, 2021                                    SO ORDERED:
        White Plains, New York

                                                    _____
                                                        HON. NELSON S. ROMÁN
                                                        United States District Judge

5